| United States Bankruptcy Court<br>Northern District of Illinois | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**KIJEK, MARK,  A.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**POREBSKA-KIJEK, BARBARA,  G.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**MAREK ANDREZEJ KIJEK** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**BARBARA GRAZYNA POREBSKA-KIJEK** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN(if more than one, state all):   **6433, WHOLLY OWNED S-CORP, CALLED "MARK A. KIJEK MD SC", EIN: 36-3852828** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN(if more than one, state all):   **3396, WHOLLY OWNED S-CORP CALLED "BARBARA G. KIJEK MD SC", EIN: 36-3852831** |
| Street Address of Debtor (No. & Street, City, and State):<br>**227 WESTRIDGE RD.**<br>**JOLIET, IL**<br>ZIP CODE **60431** | Street Address of Joint Debtor (No. & Street, City, and State):<br>**227 WESTRIDGE RD.**<br>**JOLIET, IL**<br>ZIP CODE **60431** |
| County of Residence or of the Principal Place of Business:<br>**WILL** | County of Residence or of the Principal Place of Business:<br>**WILL** |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**1802 N. DIVISION ST., SUITE 303**<br>**MORRIS, ILLINOIS**   ZIP CODE **60450** | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☑ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☐ Chapter 13 |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable) | Nature of Debts<br>(Check one box) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.) | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."   ☑ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>**Check all applicable boxes**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **MARK A. KIJEK, BARBARA G. POREBSKA-KIJEK** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:    **NONE** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ❑   Exhibit A is attached and made a part of this petition. | **X   Not Applicable** _____<br>      Signature of Attorney for Debtor(s)      Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

❑   Yes, and Exhibit C is attached and made a part of this petition.

☑   No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

❑   There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.

❑   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

❑   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

❑   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

❑   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

❑   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s) |
|---|---|
| *(This page must be completed and filed in every case)* | **MARK A. KIJEK, BARBARA G. POREBSKA-KIJEK** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/ MARK A. KIJEK**
Signature of Debtor  **MARK A. KIJEK**

X **s/ BARBARA G. POREBSKA-KIJEK**
Signature of Joint Debtor  **BARBARA G. POREBSKA-KIJEK**

Telephone Number (If not represented by attorney)

**12/24/2012**
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by 11 U.S.C. § 1515 are attached.

☑ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney

X **James M. Durkee**
Signature of Attorney for Debtor(s)

**James M. Durkee  Bar No. 6296297**
Printed Name of Attorney for Debtor(s) / Bar No.

**Malmquist and Geiger**
Firm Name

**415 Liberty St. Morris, IL 60450**
Address

_____

Telephone Number

**12/24/2012**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X **Not Applicable**

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

```
AMERICAN EXPRESS
AMERICAN EXPRESS BANK, FSB
PO BOX 30384
SALT LAKE CITY, UT 84130-0384
```

```
AMERICAN EXPRESS
PO BOX 981540
EL PASO, TX 7998-1540
```

```
AMERICAN EXPRESS
PO BOX 360001
FORT LAUDERDALE, FL 3336-0001
```

```
BANK OF AMERICA
PO BOX 15028
WILMINGTON, DE 19850-5028
```

```
BANK OF AMERICA
PO BOX 982235
EL PASO, TX 79998-2235
```

```
BANK OF AMERICA
PO BOX 982235
EL PASO, TX 7998-2235
```

```
BANK OF AMERICA
PO BOX 851001
DALLAS, TX 75285-1001
```

```
BANKAMERICARD
BANK OF AMERICA
PO BOX 851001
DALLAS, TX 75285-1001
```

```
BANKER'S HEALTHCARE GROUP, INC.
1840 MAIN ST., SUITE 102
WESTON, FL 33326
```

BARBARA G. KIJEK, MD SC
1802 N. DIVISION ST., SUITE 303
MORRIS, IL 60450


BARBARA KIJEK MD SC
1802 N. DIVISION ST., SUITE 303
MORRIS, IL 60450


BARBARA KIJEK, MD SC
1802 N. DIVISION ST., SUITE 303
MORRIS, IL 60450


BIOREFERENCE LABORATORIES
481 EDWARD H. ROSS DR.
ELMWOOD PARK, NJ 07407


BP
CHASE
PO BOX 15145
WILMINGTON, DE 19850


CAPITAL ONE
PO BOX 30285
SALT LAKE CITY, UT 84130-0285


CARRIE E. ECHOLS
ECHOLS & ASSOCIATES, PC
817 ILLINOIS AVE.
MENDOTA, IL 61342-1639


CARSON'S
PO BOX 30285
SALT LAKE CITY, UT  84130-0285


CHASE
CARD SERVICES
PO BOX 15298
WILMINGTON, DE 19850

```
CHASE
PO BOX 15145
WILMINGTON, DE 19850




CHASE
CARDMEMBER SERVICES
PO BOX 94014
PALATINE, IL 60094-4014




CHASE
CHASE HOME FINANCE LLC
P.O. BOX 9001871
LOUISVILLE, KY 40290-1871




CHASE FREEDOM
PO BOX 15145
WILMINGTON, DE 19850




CHASE HOME FINANCE
PO BOX 183166
COLUMBUS, OH 43218-3166




CHASE HOME FINANCE
PO BOX 24696
COLUMBUS, OH 43224-0696




CHASE HOME FINANCE LLC
6716 GRADE LANE, BUILDING 9
ATTN: PO BOX 9001871
LOUISVILLE, KY 40213-1407




CHASE HOME FINANCE, LLC
ATTN: BANKRUPTCY
3415 VISION DR.
COLUMBUS, OH 43219-6009




CHASE STUDENT LOANS
PO BOX 7013
INDIANAPOLIS, IN 46207
```

CHASE--BUSINESS CARD
CHASE
PO BOX 15145
WILMINGTON, DE 19850


CITI GOLD/AADVANTAGE CARD
BOX 6500
SIOUX FALLS, SD 57117


CITI PLATINUM SELECT
BOX 6500
SIOUX FALLS, SD 57117


COLORADO STATE BANK & TRUST MORTGAGE
P.O. BOX 21368
TULSA, OK 74121-1368


DELL PREFERRED ACCOUNT
PO BOX 81585
AUSTIN, TX 78708-1585


DELL PREFERRED ACCOUNT
DELL FINANCIAL SERVICES
C/O DFS CUSTOMER CARE DEPT.
PO BOX 81577
AUSTIN, TX 78708-1577


DISCOVER
PO BOX 30943
SALT LAKE CITY, UT 84130


DISCOVER MORE CARD
PO BOX 6103
CAROL STREAM, IL 60197-6103


FIRST MIDWEST BANK
C/O DAVID NUTT
ONE PIERCE PLACE, SUITE 1500
ITASCA, IL 60143-4169

GARY ROCKIS
D/B/A MORRIS BUSINESS AND
TECHNOLOGY CENTER
1802 N. DIVISION ST., SUITE 213
MORRIS, IL 60450


GETIN NOBLE BANK S.A.
z siedziba w Warszawie ui.
Domaniewska 39b
02-675 WARSZAWA, POLAND


GRUNDY BANK
201 LIBERTY ST.
MORRIS, IL 60450


HARRIS BANK, N.A.
PO BOX 6201
CAROL STREAM, IL 60197-6201


HARRIS, N.A.
PO BOX 6201
CAROL STREAM, IL 60197-6201


ILLINOIS DEPARTMENT OF REVENUE
BANKRUPTCY SECTION
PO BOX 64338
CHICAGO, IL 60664-0338


INK FROM CHASE
CHASE
PO BOX 15145
WILMINGTON, DE 19850


INTERNAL REVENUE SERVICE
PO BOX 21126
PHILADELPHIA, PA 19114-0326


JASON KIJEK
227 WESTRIDGE RD.
JOLIET, IL 60431

JC PENNEY
CUSTOMER SERVICE
ATTN: BANKRUPTCY
PO BOX 965009
ORLANDO, FL 32896-5009


JERZY SZYMANSKI
12721 Misty Harbor Lane
Palos Hts. IL. 60464



LAURIE EVOLA
C/O RADTKE & NUSBAUM
39 SOUTH LASALLE ST., SUITE 408
CHICAGO, IL 60603



MACY'S
6356 CORLEY RD.
NORCROSS, GA 30071



MARK KIJEK, MD SC
1802 N. DIVISION ST., SUITE 303
MORRIS, IL 60450



MARK R. KIJEK
227 WESTRIDGE RD.
JOLIET, IL 60431



MARK SILVERMAN
CHAPMAN AND CUTLER, LLP
111 W. MONROE ST.
CHICAGO, IL 60603



MILEAGE PLUS/UNITED
CHASE
PO BOX 15145
WILMINGTON, DE 19850



SAM'S CLUB CREDIT
PAYMENT PROCESSING
PO BOX 530942
ATLANTA, GA 30353-0942

SAM'S CLUB CREDIT
PO BOX 965004
ORLANDO, FL 32896-5004

SAM'S CLUB DISCOVER
PO BOX 965004
ORLANDO, FL 32896-5004

SAM'S CLUB DISCOVER
PO BOX 960013
ORLANDO, FL 32896-0013

SEARS
SEARS CREDIT CARDS
PO BOX 6283
SIOUX FALLS, SD 57117-6283

SHELL
PO BOX 6406
SIOUX FALLS, SD 57117

SLATE FROM CHASE
CHASE
PO BOX 15145
WILMINGTON, DE 19850

STAPLES CREDIT PLAN
PO BOX 689020
DES MOINES, IA 50368-9020

THE WOODS AT COPPPER CREEK
TOWNHOME ASSOC.
PO BOX 280252
LAKEWOOD, CO 80228-0252

WORLD POINTS
BANK OF AMERICA
PO BOX 851001
DALLAS, TX 75285-1001

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS

In Re:                                          Bankruptcy Case Number: _____

**MARK A. KIJEK**
**BARBARA G. POREBSKA-KIJEK**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____

The above named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Dated:  **12/24/2012**_____            **s/ MARK A. KIJEK**_____
                                          **MARK A. KIJEK**
                                                    Debtor

                                          **s/ BARBARA G. POREBSKA-KIJEK**_____
                                          **BARBARA G. POREBSKA-KIJEK**
                                                    Joint Debtor

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In re  **MARK A. KIJEK   BARBARA G.**                       Case No.
**POREBSKA-KIJEK**
_____                            _____
Debtor(s)                                                   (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

_Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed._

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. _Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency._

☐ 2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. _You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed._

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. _[Summarize exigent circumstances here.]_

_____
_____
_____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

**B 1D (Official Form 1, Exh. D) (12/09) – Cont.**

❏  4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ❏  Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ❏  Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ❏  Active military duty in a military combat zone.

❏  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **s/ MARK A. KIJEK**
                              **MARK A. KIJEK**

Date:  **12/24/2012**

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In re  **MARK A. KIJEK   BARBARA G.**                                   Case No.
**POREBSKA-KIJEK**
_____                    _____
Debtor(s)                                                          *(if known)*

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

_____

_____

_____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

**B 1D (Official Form 1, Exh. D)  (12/09) – Cont.**

❏   4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

❏   Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

❏   Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

❏   Active military duty in a military combat zone.

❏   5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **s/ BARBARA G. POREBSKA-KIJEK**
                       **BARBARA G. POREBSKA-KIJEK**

Date:   **12/24/2012**

**B6A (Official Form 6A) (12/07)**

In re: **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**                    Case No. _____
                          Debtors                                                      **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 227 WESTRIDGE RD. JOLIET, IL 60431 (APPRAISAL PUTS VALUE AT $500K, AND LIQUIDATION VALUE AT $400K.  THUS, DEBTOR HAS USED THE AVERAGE OF $450K TO APPROXIMATE VALUE). | Fee Owner | J | $ 450,000.00 | $ 429,395.72 |
| 54 FAIRWAY LANE COPPER MOUNTAIN, CO 80443, UNIT 32 (APPRAISAL PUTS VALUE AT $590K, AND LIQUIDATION VALUE AT $472K.  DEBTOR HAS TAKEN THE AVERAGE TO APPROXIMATE VALUE). | Fee Owner | J | $ 531,000.00 | $ 404,796.18 |
| APP.KRAKOW AI.POKOJU 29b (PROPERTY IN KRAKOW, POLAND)(DEBTORS BELIEVED IT TO BE WORTH 770K-PLN (POLISH ZLOTNY) IN 2009, BUT NOW BELIEVE IT IS WORTH HIGH-END 530K PLN. VALUES BASED ON PLN-USD CONVERSION RATE AS OF 12/22/12) | Fee Owner | J | $ 172,128.21 | $ 353,535.00 |
| CASA de MARCO AVENIDA VERACRUZ, #165 JALISCO, 48987 MEXICO (VALUE BASED ON APPRAISAL. $428K IS THE LIQUIDATION VALUE, AND GIVEN THE CRIME, LARGE INVENTORY AVAILABLE, POOR ECONOMY AND LENDING ENVIRONMENT, AND NATURAL DISASTERS, THIS IS THE VALUE THAT WAS USED.  MARK AND BARBARA KIJEK OWN 1/3 OF THE PROPERTY, AND JASON AND MARK KIJEK, JR. OWN THE REMAINING 2/3. ) | Co-Owner | J | $ 142,834.00 | $ 150,000.00 |
| LOT IN VILLAGE OF BEDKOWICE, POLAND, LOT NUMBERS 73, 74, 75, 76 (LOAN IS 1,085,000.00 POLISH ZLOTNYS.  FIGURE BASED ON CONVERSION RATE AS OF DECEMBER 22, 2012.  MARKET VALUE AS OF 2009 WAS 400K PLN, BUT DEBTOR NOW BELIEVES THE HIGH-END VALUE TO BE 150K PLN.) | Fee Owner | J | $ 48,715.53 | $ 220,843.70 |

**B6A (Official Form 6A) (12/07) - Cont.**

In re:  **MARK A. KIJEK    BARBARA G. POREBSKA-KIJEK**                          Case No. _____
                                                                                                                        **(If known)**
                          **Debtors**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **PROPERTY NUMBER KW:JG1J/00027087/6 MILKOW, gmPodgorzyn, Poland. (APPRAISAL WAS DONE IN 2010 VALUING AT 2.045M PLN, I.E. APPROX $651K.  DEBTORS NOW BELIEVE IT TO BE WORTH, HIGH-END, 1M PLN, I.E. APPROX  Values and Claims converted from PLN to USD as of December 22, 2012)** | **Fee Owner** | **J** | $ 324,770.21 | $ 420,793.00 |

                                                                Total  ➤   | $1,669,447.95 |
                                                                              (Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re  **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK** ,         Case No. _____
                                **Debtors**                                                                                  (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **ADDITIONAL BUSINESS ACCOUNT AT CHASE** | J | **630.16** |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **ADDITIONAL BUSINESS ACCOUNT AT CHASE** | J | **100.00** |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **BUSINESS ACCOUNT AT CHASE** | J | **549.74** |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **BUSINESS ACCOUNT AT CHASE** | J | **25.06** |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **BUSINESS ACCOUNT AT GRUNDY BANK** | J | **1,762.00** |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **CHECKING AT FIRST MIDWEST** | J | **2,228.35** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **AREA RUGS** | J | **500.00** |
| Household goods and furnishings, including audio, video, and computer equipment. | | **BEDROOM SET** | J | **1,000.00** |
| Household goods and furnishings, including audio, video, and computer equipment. | | **CHINA PLUS UTENSILS** | J | **300.00** |
| Household goods and furnishings, including audio, video, and computer equipment. | | **COFFEE MAKER** | J | **20.00** |
| Household goods and furnishings, including audio, video, and computer equipment. | | **DESK** | J | **100.00** |

B6B (Official Form 6B) (12/07) -- Cont.

In re   **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK** ,          Case No. _____

          **Debtors**                                                          (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **DINING ROOM ITEMS AND FURNISHINGS** | **J** | **800.00** |
| Household goods and furnishings, including audio, video, and computer equipment. | | **LIVING ROOM COUCH** | **J** | **200.00** |
| Household goods and furnishings, including audio, video, and computer equipment. | | **OUTDOOR FURNITURE** | **J** | **100.00** |
| Household goods and furnishings, including audio, video, and computer equipment. | | **POOL TABLE** | **J** | **150.00** |
| Household goods and furnishings, including audio, video, and computer equipment. | | **THREE COUCHES IN FAMILY ROOM** | **J** | **300.00** |
| Household goods and furnishings, including audio, video, and computer equipment. | | **TWO BEDROOM SETS** | **J** | **200.00** |
| Household goods and furnishings, including audio, video, and computer equipment. | | **TWO HOME TELEVISIONS** | **J** | **600.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **PICTURE REPRODUCTION** | **J** | **600.00** |
| 6. Wearing apparel. | | **CLOTHING AT COPPER MOUNTAIN PROPERTY** | **J** | **500.00** |
| Wearing apparel. | | **DEBTOR CLOTHING** | **J** | **800.00** |
| Wearing apparel. | | **JOINT DEBTOR CLOTHING** | **J** | **1,000.00** |
| 7. Furs and jewelry. | | **JOINT DEBTOR JEWELRY** | **J** | **2,000.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses.  Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**                                  ,        Case No. _____
_____
Debtors                                                                                          (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1986 MERCEDES 300, 60K MILES (NADA VALUE, GOOD CONDITION)** | J | **6,000.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **TRAILER** | J | **500.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **HOME COMPUTER** | J | **200.00** |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested.  Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**                    ,        Case No. _____
                              **Debtors**                                                        **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed.  Itemize. | | "AADVANTAGE MILES" FOR AMERICAN AIRLINES, EARNED ON CITIGOLD/ADVANTAGE CARD--258 MILES | | **UNKNOWN** |
| Other personal property of any kind not already listed.  Itemize. | | "AADVANTAGE MILES" FOR AMERICAN AIRLINES, EARNED ON CITIPLATINUM SELECT/ADVANTAGE CARD--339 MILES | | **0.00** |
| Other personal property of any kind not already listed.  Itemize. | | BIRTH CERTIFICATES, MISCELLANEOUS DOCS IN SECURITY DEPOSIT BOX | J | **0.00** |
| Other personal property of any kind not already listed.  Itemize. | | LAND TRUST--BOTH MARK AND BARBARA 50% BENEFICIARIES | J | **0.00** |
| Other personal property of any kind not already listed.  Itemize. | | MORRIS COMMUNITY SLEEP--5% PARTNERSHIP INTEREST (VALUE UNDETERMINED.  DR. KIJEK OBTAINED $5,752.00 IN PARTNERSHIP INCOME IN 2011, $4,155 IN 2010, $6,622 IN 2009, AND $7,359 IN 2008..  THUS, THE VALUE HEREIN STATED IS THE AVERAGE OF THOSE FIGURES.) | J | **5,972.00** |
| Other personal property of any kind not already listed.  Itemize. | | POTENTIAL LAWSUIT AGAINST HARRIS BANK, REGARDING DEFICIENCY JUDGMENT (UNKNOWN VALUE, IF ANY)--NO COMPLAINT HAS BEEN FILED | J | **UNKNOWN** |
| Other personal property of any kind not already listed.  Itemize. | | PROPERTY DAMAGE COMPLAINT--12 L 37 IN GRUNDY COUNTY, IL.  VALUE IS UNKNOWN AND SPECULATIVE, BUT COMPLAINT ASKS FOR AMOUNT IN EXCESS OF $50,000.00.  DEBTORS ARE PRO-SE PER COMPLAINT. | J | **UNKNOWN** |
| Other personal property of any kind not already listed.  Itemize. | | S-CORP BARBARA, BARBARA KIJEK, MD SC (VALUED BASED ON LIQUIDATION.  HOWEVER, VALUE LIKELY $0.00 DUE TO LIENS FROM FIRST MIDWEST AND BANKER'S HEALTHCARE) | J | **4,047.00** |
| Other personal property of any kind not already listed.  Itemize. | | S-CORP MARK, MARK A. KIJEK MD SC (BASED ON BALANCE SHEET) | J | **170,587.00** |

_3_  continuation sheets attached            Total ➢            **$ 201,771.31**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B6C (Official Form 6C) (4/10)

In re **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**                           Case No. _____
_____                                              (If known)
                                    Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $146,450.*
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---:|---:|
| 227 WESTRIDGE RD. JOLIET, IL 60431 (APPRAISAL PUTS VALUE AT $500K, AND LIQUIDATION VALUE AT $400K.  THUS, DEBTOR HAS USED THE AVERAGE OF $450K TO APPROXIMATE VALUE). | 735 ILCS 5/12-901 | 30,000.00 | 450,000.00 |
| ADDITIONAL BUSINESS ACCOUNT AT CHASE | 735 ILCS 5/12-1001(b) | 630.16 | 630.16 |
| BEDROOM SET | 735 ILCS 5/12-1001(b) | 200.00 | 1,000.00 |
| BUSINESS ACCOUNT AT CHASE | 735 ILCS 5/12-1001(b) | 549.74 | 549.74 |
| BUSINESS ACCOUNT AT GRUNDY BANK | 735 ILCS 5/12-1001(b) | 1,762.00 | 1,762.00 |
| CHECKING AT FIRST MIDWEST | 735 ILCS 5/12-1001(b) | 2,228.35 | 2,228.35 |
| CHINA PLUS UTENSILS | 735 ILCS 5/12-1001(b) | 50.00 | 300.00 |
| DEBTOR CLOTHING | 735 ILCS 5/12-1001(b) | 150.00 | 800.00 |
| DINING ROOM ITEMS AND FURNISHINGS | 735 ILCS 5/12-1001(b) | 150.00 | 800.00 |
| JOINT DEBTOR JEWELRY | 735 ILCS 5/12-1001(b) | 500.00 | 2,000.00 |
| MORRIS COMMUNITY SLEEP--5% PARTNERSHIP INTEREST (VALUE UNDETERMINED.  DR. KIJEK OBTAINED $5,752.00 IN PARTNERSHIP INCOME IN 2011, $4,155 IN 2010, $6,622 IN 2009, AND $7,359 IN 2008.. THUS, THE VALUE HEREIN STATED IS THE AVERAGE OF THOSE FIGURES.) | 735 ILCS 5/12-1001(b) | 1,679.75 | 5,972.00 |
| TWO HOME TELEVISIONS | 735 ILCS 5/12-1001(b) | 100.00 | 600.00 |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**B6D (Official Form 6D) (12/07)**

In re **MARK A. KIJEK    BARBARA G. POREBSKA-KIJEK** _____.    Case No. _____

_____ **Debtors**                                              **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  U/K (WILL CO. CASE 12 L 79) <br><br> **BANKER'S HEALTHCARE GROUP, INC.** <br> **1840 MAIN ST., SUITE 102** <br> **WESTON, FL 33326** | | J | **Security Agreement** <br> **PROCEEDS--UCC RECORDING** <br> **AGAINST MARK KIJEK MD SC,** <br> **AND BARBARA KIJEK MD** <br> **SC)--BUSINESS DEBT** <br><br> **VALUE $174,634.00** | | | | 91,360.50 | 0.00 |
| ACCOUNT NO.  1022385513 <br><br> **CHASE** <br> **CHASE HOME FINANCE LLC** <br> **P.O. BOX 9001871** <br> **LOUISVILLE, KY 40290-1871** <br><br> **CHASE HOME FINANCE LLC** <br> **6716 GRADE LANE, BUILDING 9** <br> **ATTN: PO BOX 9001871** <br> **LOUISVILLE, KY 40213-1407** <br><br> **CHASE HOME FINANCE** <br> **PO BOX 183166** <br> **COLUMBUS, OH 43218-3166** <br><br> **CHASE HOME FINANCE, LLC** <br> **ATTN: BANKRUPTCY** <br> **3415 VISION DR.** <br> **COLUMBUS, OH 43219-6009** <br><br> **CHASE HOME FINANCE** <br> **PO BOX 24696** <br> **COLUMBUS, OH 43224-0696** | | J | **Mortgage** <br> **227 WESTRIDGE RD.** <br> **JOLIET, IL 60431 (VALUE BASED** <br> **ON 12/24/12** <br> **APPRAISAL)--CONSUMER LOAN** <br><br> **VALUE $450,000.00** | | | | 316,604.06 | 0.00 |

_7_    continuation sheets
attached

Subtotal ➤
(Total of this page)

Total ➤
(Use only on last page)

| | |
|---|---|
| $    407,964.56 | $    0.00 |
| $ | $ |

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**B6D (Official Form 6D) (12/07)- Cont.**

In re  <u>MARK A. KIJEK    BARBARA G. POREBSKA-KIJEK</u>           .          Case No. <u>                                    </u>

Debtors                                                                        (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **0003560384**<br><br>**COLORADO STATE BANK & TRUST MORTGAGE**<br>**P.O. BOX 21368**<br>**TULSA, OK 74121-1368** | | **J** | **Mortgage**<br>**54 FAIRWAY LANE**<br>**COPPER MOUNTAIN, CO 80443,**<br>**UNIT 32 (VALUED AT**<br>**$531,000.00 BASED ON**<br>**AVERAGE OF THE VALUE AND**<br>**THE LIQUIDATION VALUE, PER**<br>**APPRAISAL)--CONSUMER LOAN**<br>—————<br>**VALUE $531,000.00** | | | | 404,796.18 | 0.00 |

Sheet no. <u>1</u> of <u>7</u> continuation
sheets attached to Schedule of
Creditors Holding Secured
Claims

Subtotal ➢
(Total of this page)

Total ➢
(Use only on last page)

| | |
|---|---|
| $ 404,796.18 | $ 0.00 |
| $ | $ |

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**B6D (Official Form 6D) (12/07)- Cont.**

In re <u>MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK</u> .        Case No. <u>                    </u>
                              **Debtors**                                              **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 56173<br><br>**FIRST MIDWEST BANK<br>C/O DAVID NUTT<br>ONE PIERCE PLACE, SUITE 1500<br>ITASCA, IL 60143-4169** | | J | 01/29/2008<br>**Security Agreement<br>\*\*RELATED TO MARK KIJEK MD SC AND BARBARA KIJEK MD SC\*\* ALL INVENTORY, EQUIPMENT, ACCOUNTS (INCLUDING BUT NOT LIMITED TO ALL HEALTH-CARE-INSURANCE RECEIVABLES), CHATTEL PAPER, INSTRUMENTS (INCLUDING BUT NOT LIMITED TO ALL PROMISSORY NOTES), LETTER-OF-CREDIT RIGHTS, LETTERS OF CREDIT, DOCUMENTS, DEPOSIT ACCOUNTS, INVESTMNT PROPERTY, MONEY, OTHER RIGHTS TO PAYMENT AND PERFORMANCE, AND GENERAL INTANGIBLES (INCLUDING BUT NOT LIMITED TO ALL SOFTWARE AND ALL PAYMENT INTANGIBLES); ALL ATTACHMENTS, ACCESSIONS, ACCESSORIES, FITTINGS, INCREASES, TOOLS, PARTS, REPAIRS, SUPPLIES AND COMMINGLED GOODS RELATING TO THE FOREGOING PROPERTY, AND ALL ADDITIONS, REPLACEMENTS OF AND SUBSTITUTION FOR ALL OR ANY PART OF THE FOREGOING PROPERTY; ALL INSURANCE REFUNDS RELATING TO THE FOREGOING PROPERTY; ALL GOOD WILL** | | | | 80,973.75 | 0.00 |

Sheet no. <u>2</u> of <u>7</u> continuation
sheets attached to Schedule of
Creditors Holding Secured
Claims

Subtotal ➢
(Total of this page)

$ 485,769.93 | $ 0.00

Total ➢
(Use only on last page)

$ | $

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

**B6D (Official Form 6D) (12/07)- Cont.**

In re  **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**                .          Case No. _____

_____

                              **Debtors**                                                     **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | | **RELATING TO THE FOREGOING PROPERTY; ALL RECORDS AND DATA AND EMBEDDED SOFTWARE RELATING TO THE FOREGOING PROPERTY, AND ALL EQUIPMENT, INVENTORY AND SOFTWARE TO UTILIZE, CREATE, MAINTAIN AND PROCESS ANY SUCH RECORDS AND DATA ON ELECTRONIC MEDIA; AND ALL SUPPORTING OBLIGATIONS RELATING TO THE FOREGOING PROPERTY; ALL WHETHER NOW EXISTING OR HEREAFTER ARISING, WHETHER NOW OWNED OR HEREAFTER ACQUIRED OR WHETHER NOW OR HEREAFTER SUBJECT TO ANY RIGHTS IN TEH FOREGOING PROPERTY; AND ALL PRODUCTS AND PROCEEDS (INCLUDING BUT NOT LIMITED TO ALL INSURANCE PAYMENTS) OR OR RELATING TO THE FOREGOING PROPERTY.--BUSINESS LOAN** | | | | | |
| | | | **VALUE $174,634.00** | | | | | |
| ACCOUNT NO.<br><br>**GARY ROCKIS D/B/A MORRIS BUSINESS AND TECHNOLOGY CENTER 1802 N. DIVISION ST., SUITE 213 MORRIS, IL 60450** | | J | **Non-Purchase Money Security Agreement 1986 MERCEDES 300, 60K MILES (NADA VALUE, GOOD CONDITION)** | | | | 22,000.00 | 16,000.00 |
| | | | **VALUE $6,000.00** | | | | | |

Sheet no. _3_ of _7_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal  ➤
(Total of this page)

Total  ➤
(Use only on last page)

| | |
|---|---|
| $    102,973.75 | $    16,000.00 |
| $ | $ |

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (12/07)- Cont.

In re  **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**                    Case No.  _____
Debtors                                                                          **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> **GETIN NOBLE BANK S.A. z siedziba w Warszawie ui. Domaniewska 39b 02-675 WARSZAWA, POLAND** | | J | **02/20/2009** <br> **Mortgage** <br> **APP.KRAKOW AI.POKOJU 29b (PROPERTY IN KRAKOW, POLAND)(DEBTORS BELIEVED IT TO BE WORTH $770K PLN IN 2009, BUT NOW BELIEVE IT IS WORTH HIGH-END $530K PLN. VALUES BASED ON PLN-USD CONVERSION RATE AS OF 12/22/12)** <br> **LOT IN VILLAGE OF BEDKOWICE, POLAND, LOT NUMBERS 73, 74, 75, 76 (LOAN IS 1,085,000.00 POLISH ZLOTNYS.  FIGURE BASED ON CONVERSION RATE AS OF DECEMBER 22, 2012.  MARKET VALUE AS OF 2009 WAS 400K PLN, BUT DEBTOR NOW BELIEVES THE HIGH-END VALUE TO BE 150K PLN.)--PRIMARILY BUSINESS DEBT (DEBTOR ESTIMATE 70% OF INTENT WAS BUSINESS DEVELOPMENT, WHILE THEY DID HAVE POSSIBLE INTENT TO RESIDE IN THE KRAKOW PROPERTY).** <br><br> **VALUE $220,843.70** | | | | 352,375.68 | 131,531.98 |

Sheet no. _4_ of _7_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal ➤
(Total of this page)

Total ➤
(Use only on last page)

| | |
|---|---|
| $    352,375.68 | $    131,531.98 |
| $ | $ |

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (12/07)- Cont.

In re  MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK        .        Case No. _____

_____
Debtors                                              (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  43 1460 1181 2002 9953 7511 0 <br><br> GETIN NOBLE BANK S.A. <br> z siedziba w Warszawie ui. <br> Domaniewska 39b <br> 02-675 WARSZAWA, POLAND | | J | Security Agreement <br> PROPERTY NUMBER KW:JG1J/00027087/6 MILKOW, gmPodgorzyn, Poland. (APPRAISAL WAS DONE IN 2010 VALUING AT 2.045M PLN, I.E. APPROX $651K.  DEBTORS NOW BELIEVE IT TO BE WORTH, HIGH-END, 1M PLN, I.E. APPROX  Values and Claims converted from PLN to USD as of December 22, 2012)--BUSINESS DEBT <br><br> VALUE $324,770.21 | | | | 177,205.60 | 105,600.17 |
| ACCOUNT NO.  86 1060 0076 0000 3100 0016 1 <br><br> GETIN NOBLE BANK S.A. <br> z siedziba w Warszawie ui. <br> Domaniewska 39b <br> 02-675 WARSZAWA, POLAND | | J | 08/16/2010 <br> Mortgage <br> PROPERTY NUMBER KW:JG1J/00027087/6 MILKOW, gmPodgorzyn, Poland. (APPRAISAL WAS DONE IN 2010 VALUING AT 2.045M PLN, I.E. APPROX $651K.  DEBTORS NOW BELIEVE IT TO BE WORTH, HIGH-END, 1M PLN, I.E. APPROX  Values and Claims converted from PLN to USD as of December 22, 2012)---BUSINESS DEBT <br><br> VALUE $324,770.21 | | | | 253,164.77 | 0.00 |

Sheet no. _5_ of _7_ continuation
sheets attached to Schedule of
Creditors Holding Secured
Claims

Subtotal ➤
(Total of this page)

$  430,370.37 | $  105,600.17

Total ➤
(Use only on last page)

$ | $

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (12/07)- Cont.

In re  **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK** _____ .       Case No. _____
_____
                            **Debtors**                                          **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **64140**<br><br>**GRUNDY BANK**<br>**201 LIBERTY ST.**<br>**MORRIS, IL 60450** | X | J | **Security Agreement**<br>**SECURITY IS 2010 CADILLAC ESCILADE, TITLED IN JOINT DEBTOR'S S-CORP, BARBARA KIJEK MD SC (VALUED AT APPROXIMATELY $24,000.00 PER KELLY BLUE BOOK, TRADE-IN VALUE, GOOD CONDITION).--BUSINESS LOAN**<br><br>**VALUE $24,000.00** | | | | 19,292.81 | 0.00 |
| ACCOUNT NO. **000006100224051**<br><br>**HARRIS BANK, N.A.**<br>**PO BOX 6201**<br>**CAROL STREAM, IL 60197-6201**<br><br><br>**MARK SILVERMAN**<br>**CHAPMAN AND CUTLER, LLP**<br>**111 W. MONROE ST.**<br>**CHICAGO, IL 60603** | X | J | **11/02/2011**<br>**Judgment Lien**<br>**MORTGAGE FORECLOSURE DEFICIENCY JUDGMENT ON PRIOR BUSINESS ADDRESS (NON-CONSUMER) BUSINESS DEBT)--JUDGMENT CITATION LIEN ON ALL DEBTORS' PROPERTY ISSUED BY GRUNDY COUNTY CIRCUIT COURT, ON SEPTEMBER 25, 2012--BUSINESS DEBT**<br><br>**VALUE $0.00** | | | | 466,952.11 | 466,952.11 |
| ACCOUNT NO. **000006100224051**<br><br>**HARRIS, N.A.**<br>**PO BOX 6201**<br>**CAROL STREAM, IL 60197-6201** | | J | **02/01/2006**<br>**Second Lien on Residence**<br>**227 WESTRIDGE RD.**<br>**JOLIET, IL 60431 (APPRAISAL PUTS VALUE AT $500K, AND LIQUIDATION VALUE AT $400K. THUS, DEBTOR HAS USED THE AVERAGE OF $450K TO APPROXIMATE VALUE).**<br><br>**VALUE $450,000.00** | | | | 112,791.64 | 0.00 |

Sheet no. _6_ of _7_ continuation
sheets attached to Schedule of
Creditors Holding Secured
Claims

Subtotal ➤
(Total of this page)

Total ➤
(Use only on last page)

| | |
|---|---|
| $ 599,036.56 | $ 466,952.11 |
| $ | $ |

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6D (Official Form 6D) (12/07)- Cont.

In re **MARK A. KIJEK    BARBARA G. POREBSKA-KIJEK** _____.    Case No. _____

_____ **Debtors**                                         **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **N/A**<br><br>**JASON KIJEK**<br>**227 WESTRIDGE RD.**<br>**JOLIET, IL 60431** | | J | 10/26/2011<br>**Security Agreement**<br>**CASA de MARCO**<br>**AVENIDA VERACRUZ, #165**<br>**JALISCO, 48987**<br>**MEXICO--BUSINESS DEBT**<br><br>**VALUE $142,834.00** | | | | 100,000.00 | 0.00 |
| ACCOUNT NO. **N/A**<br><br>**JERZY SZYMANSKI**<br>**12721 Misty Harbor Lane**<br>**Palos Hts. IL. 60464** | | J | 12/01/2012<br>**Security Agreement**<br>**CASA de MARCO**<br>**AVENIDA VERACRUZ, #165**<br>**JALISCO, 48987**<br>**MEXICO--BUSINESS DEBT**<br><br>**VALUE $142,834.00** | | | | 50,000.00 | 0.00 |
| ACCOUNT NO. **1574**<br><br>**THE WOODS AT COPPPER CREEK**<br>**TOWNHOME ASSOC.**<br>**PO BOX 280252**<br>**LAKEWOOD, CO 80228-0252** | | J | **ASSOCIATION DUES**<br>**54 FAIRWAY LANE**<br>**COPPER MOUNTAIN, CO 80443,**<br>**UNIT 32 (APPRAISAL PUTS**<br>**VALUE AT $590K, AND**<br>**LIQUIDATION VALUE AT $472K.**<br>**DEBTOR HAS TAKEN THE**<br>**AVERAGE TO APPROXIMATE**<br>**VALUE).**<br><br>**VALUE $531,000.00** | | | | 2,887.00 | 0.00 |

Sheet no. _7_ of _7_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal ➤
(Total of this page)

Total ➤
(Use only on last page)

| | |
|---|---|
| $    152,887.00 | $    0.00 |
| $    2,450,404.10 | $    720,084.26 |

(Report also on Summary of Schedules)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (4/10)

In re   **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK** _____   Case No. _____
Debtors                                                                  (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

❑   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

❑   **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑   **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑   **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑   **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❑   **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑   **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑   **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑   **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

   * Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>  **continuation sheets attached**

**B6E (Official Form 6E) (4/10) – Cont.**

In re  **MARK A. KIJEK  BARBARA G. POREBSKA-KIJEK**                    ,          Case No.  _____
                                    Debtors                                                      (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

### Type of Priority:  Taxes and Certain Other Debts Owed to Governmental Units

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br>**ILLINOIS DEPARTMENT OF REVENUE BANKRUPTCY SECTION PO BOX 64338 CHICAGO, IL 60664-0338** | | J | **PERSONAL STATE INCOME TAX LIABILITY** | | | | 13,500.00 | 13,500.00 | $0.00 |
| ACCOUNT NO. <br><br>**INTERNAL REVENUE SERVICE PO BOX 21126 PHILADELPHIA, PA 19114-0326** | | J | **PERSONAL INCOME TAX LIABILITY** | | | | 92,583.00 | 92,583.00 | $0.00 |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals ➤ (Totals of this page) | $ **106,083.00** | $ **106,083.00**  $ **0.00** |
| Total ➤ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | $ **106,083.00** | |
| Total ➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. ) | | $ **106,083.00**  $ **0.00** |

B6F (Official Form 6F) (12/07)

In re  **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**                     Case No. _____
             _____
             Debtors                                                        (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐      Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **ENDING IN 2-9501** | X | J | **PERSONALLY GUARANTEED BUSINESS CREDIT** | | | | 43,354.51 |
| **AMERICAN EXPRESS AMERICAN EXPRESS BANK, FSB PO BOX 30384 SALT LAKE CITY, UT 84130-0384** **AMERICAN EXPRESS PO BOX 981540 EL PASO, TX 7998-1540** **AMERICAN EXPRESS PO BOX 360001 FORT LAUDERDALE, FL 3336-0001** | | | | | | | |
| ACCOUNT NO.  **74995439855976** | X | J | **PERSONALLY GUARANTEED LINE OF CREDIT** | | | | 2,248.27 |
| **BANK OF AMERICA PO BOX 15028 WILMINGTON, DE 19850-5028** **BANK OF AMERICA PO BOX 851001 DALLAS, TX 75285-1001** | | | | | | | |
| ACCOUNT NO.  **4264 2857 3512 6948** | | J | **CREDIT CARD** | | | | 697.68 |
| **BANKAMERICARD BANK OF AMERICA PO BOX 851001 DALLAS, TX 75285-1001** **BANK OF AMERICA PO BOX 982235 EL PASO, TX 7998-2235** | | | | | | | |

 7   Continuation sheets attached

                                                                    Subtotal ➢ $      46,300.46

                                                                    Total ➢ $
                                        **(Use only on last page of the completed Schedule F.)**
                            **(Report also on Summary of Schedules and, if applicable on the Statistical
                                    Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re  **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**                    Case No. _____
_____
Debtors                                          (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **I6061** | | J | | | | | **12,447.60** |
| **BIOREFERENCE LABORATORIES** **481 EDWARD H. ROSS DR.** **ELMWOOD PARK, NJ 07407** | | | **LAB FEES REGARDING THE PARTIES' S-CORPS, PERSONALLY GUARANTEED** | | | | |
| ACCOUNT NO.   **4266514226301258** | | J | | | | | **2,020.73** |
| **BP** **CHASE** **PO BOX 15145** **WILMINGTON, DE 19850** **CHASE** **CARD SERVICES** **PO BOX 15298** **WILMINGTON, DE 19850** **CHASE** **CARDMEMBER SERVICES** **PO BOX 94014** **PALATINE, IL 60094-4014** | | | **PERSONALLY GUARANTEED BUSINESS CARD** | | | | |
| ACCOUNT NO.   **XXXX-XXXX-XXXX-2182** | | J | | | | | **7,935.74** |
| **CAPITAL ONE** **PO BOX 30285** **SALT LAKE CITY, UT 84130-0285** | | | **PERSONALLY GUARANTEED BUSINESS CREDIT** | | | | |
| ACCOUNT NO. | | J | | | | | **2,540.00** |
| **CARRIE E. ECHOLS** **ECHOLS & ASSOCIATES, PC** **817 ILLINOIS AVE.** **MENDOTA, IL 61342-1639** | | | **ACCOUNTANT SERVICES** | | | | |

_7_  Continuation sheets attached

Sheet no. _1_ of _7_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➢  $              **24,944.07**

Total  ➢  $

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re  **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**                          Case No. _____

_____
Debtors                                                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **2117-1200-0704-7139** <br><br>**CARSON'S** <br>**PO BOX 30285** <br>**SALT LAKE CITY, UT  84130-0285** | | J | **PERSONAL CREDIT CARD/CONSUMER GOODS** | | | | 1,725.00 |
| ACCOUNT NO.  **4104 1300 0872 7945** <br><br>**CHASE** <br>**PO BOX 15145** <br>**WILMINGTON, DE 19850** <br><br><br>**CHASE** <br>**CARDMEMBER SERVICES** <br>**PO BOX 94014** <br>**PALATINE, IL 60094-4014** <br><br>**CHASE** <br>**CARD SERVICES** <br>**PO BOX 15298** <br>**WILMINGTON, DE 19850** | | J | **PERSONAL CREDIT CARD/CONSUMER GOODS** | | | | 4,506.88 |
| ACCOUNT NO.  **5466 0420 1475 9821** <br><br>**CHASE FREEDOM** <br>**PO BOX 15145** <br>**WILMINGTON, DE 19850** <br><br><br>**CHASE** <br>**CARD SERVICES** <br>**PO BOX 15298** <br>**WILMINGTON, DE 19850** <br><br>**CHASE** <br>**CARDMEMBER SERVICES** <br>**PO BOX 94014** <br>**PALATINE, IL 60094-4014** | | J | **PERSONAL CREDIT CARD/CONSUMER GOODS** | | | | 4,165.19 |

_7_  Continuation sheets attached

Sheet no. _2_ of _7_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $                                      **10,397.07**

Total  ➤  $

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**                     Case No. _____
_____
                        **Debtors**                                                    **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **CO143OR846** | X | H | | | | | **32,552.00** |
| **CHASE STUDENT LOANS PO BOX 7013 INDIANAPOLIS, IN 46207** | | | **CO-SIGNER ON STUDENT LOAN FOR SON FROM CHASE BANK** | | | | |
| ACCOUNT NO.   **4246315153819378** | | J | | | | | **3,715.58** |
| **CHASE--BUSINESS CARD CHASE PO BOX 15145 WILMINGTON, DE 19850**<br><br>**CHASE CARD SERVICES PO BOX 15298 WILMINGTON, DE 19850**<br><br>**CHASE CARDMEMBER SERVICES PO BOX 94014 PALATINE, IL 60094-4014** | | | **PERSONALLY GUARANTEED BUSINESS CREDIT** | | | | |
| ACCOUNT NO.   **4271382751847845** | | J | | | | | **1,709.68** |
| **CITI GOLD/AADVANTAGE CARD BOX 6500 SIOUX FALLS, SD 57117** | | | **PERSONAL CREDIT CARD/CONSUMER GOODS** | | | | |
| ACCOUNT NO.   **5466160052015169** | | J | | | | | **1,455.89** |
| **CITI PLATINUM SELECT BOX 6500 SIOUX FALLS, SD 57117** | | | **PERSONAL CREDIT CARD/CONSUMER GOODS** | | | | |

_7_  Continuation sheets attached

Sheet no. _3_ of _7_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➢  $                                                   **39,433.15**

Total  ➢  $

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**                    Case No. _____
Debtors                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **6879450129071319910** | | J | | | | | **400.00** |
| **DELL PREFERRED ACCOUNT DELL FINANCIAL SERVICES C/O DFS CUSTOMER CARE DEPT. PO BOX 81577 AUSTIN, TX 78708-1577**<br><br>**DELL PREFERRED ACCOUNT PO BOX 81585 AUSTIN, TX 78708-1585** | | | **PERSONALLY GUARANTEED CREDIT CARD** | | | | |
| ACCOUNT NO. **ENDING IN 8137** | | J | | | | | **3,851.34** |
| **DISCOVER MORE CARD PO BOX 6103 CAROL STREAM, IL 60197-6103**<br><br>**DISCOVER PO BOX 30943 SALT LAKE CITY, UT 84130** | | | **PERSONAL CREDIT CARD/CONSUMER GOODS** | | | | |
| ACCOUNT NO. **4246315178249767** | | J | | | | | **1,539.52** |
| **INK FROM CHASE CHASE PO BOX 15145 WILMINGTON, DE 19850**<br><br>**CHASE CARD SERVICES PO BOX 15298 WILMINGTON, DE 19850**<br><br>**CHASE CARDMEMBER SERVICES PO BOX 94014 PALATINE, IL 60094-4014** | | | **PERSONALLY GUARANTEED BUSINESS CREDIT** | | | | |

_7_  Continuation sheets attached

Sheet no. _4_ of _7_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤ $                    **5,790.86**

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  __MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK__          Case No. _____
                        Debtors                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **364 567 611 91** | | J | | | | | **2,500.00** |
| **JC PENNEY** **CUSTOMER SERVICE** **ATTN: BANKRUPTCY** **PO BOX 965009** **ORLANDO, FL 32896-5009** | | | **PERSONAL LINE OF CREDIT/CONSUMER GOODS** | | | | |
| ACCOUNT NO.   **10 L 57** | | J | | X | X | | **UNKNOWN** |
| **LAURIE EVOLA** **C/O RADTKE & NUSBAUM** **39 SOUTH LASALLE ST., SUITE 408** **CHICAGO, IL 60603** | | | **MEDICAL MALPRACTICE CLAIM--DISPUTED (COMPLAINT ASKS FOR AMOUNT IN EXCESS OF $50,000.00)** | | | | |
| ACCOUNT NO.   **43-762-227-070-1** | | J | | | | | **8,813.94** |
| **MACY'S** **6356 CORLEY RD.** **NORCROSS, GA 30071** | | | **PERSONAL CREDIT CARD/CONSUMER GOODS** | | | | |
| ACCOUNT NO.   **4388 5760 4818 8539** | | J | | | | | **9,089.37** |
| **MILEAGE PLUS/UNITED** **CHASE** **PO BOX 15145** **WILMINGTON, DE 19850** **CHASE** **CARD SERVICES** **PO BOX 15298** **WILMINGTON, DE 19850** **CHASE** **CARDMEMBER SERVICES** **PO BOX 94014** **PALATINE, IL 60094-4014** | | | **PERSONAL CREDIT CARD/CONSUMER GOODS** | | | | |

            _7_   Continuation sheets attached

Sheet no. _5_ of _7_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

                                                              Subtotal  ➢ $       **20,403.31**

                                                              Total  ➢ $

                          **(Use only on last page of the completed Schedule F.)**
                 **(Report also on Summary of Schedules and, if applicable on the Statistical**
                          **Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK** _____   Case No. _____
                                        Debtors                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **7715 0906 0272 4064** | | J | | | | | 4,630.39 |
| **SAM'S CLUB CREDIT PO BOX 965004 ORLANDO, FL 32896-5004** **SAM'S CLUB CREDIT PAYMENT PROCESSING PO BOX 530942 ATLANTA, GA 30353-0942** | | | **PERSONAL CREDIT CARD/CONSUMER GOODS** | | | | |
| ACCOUNT NO.   **6011 3610 2993 4767** | | J | | | | | 6,134.02 |
| **SAM'S CLUB DISCOVER PO BOX 965004 ORLANDO, FL 32896-5004** **SAM'S CLUB DISCOVER PO BOX 960013 ORLANDO, FL 32896-0013** | | | **PERSONAL CREDIT CARD/CONSUMER GOODS** | | | | |
| ACCOUNT NO.   **5049 9410 8629 7840** | | J | | | | | 9,264.95 |
| **SEARS SEARS CREDIT CARDS PO BOX 6283 SIOUX FALLS, SD 57117-6283** | | | **PERSONAL CREDIT CARD/CONSUMER GOODS** | | | | |
| ACCOUNT NO.   **692 607 104** | | J | | | | | 2,556.41 |
| **SHELL PO BOX 6406 SIOUX FALLS, SD 57117** | | | **PERSONALLY GUARANTEED CREDIT CARD** | | | | |

_7_   Continuation sheets attached

Sheet no. _6_ of _7_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤ $ **22,585.77**

Total ➤ $

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**                    Case No. _____
                                 Debtors                                                   (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **5401 6830 9662 1609** | | J | **CREDIT CARD** | | | | **12,846.35** |
| **SLATE FROM CHASE**<br>**CHASE**<br>**PO BOX 15145**<br>**WILMINGTON, DE 19850**<br><br>**CHASE**<br>**CARD SERVICES**<br>**PO BOX 15298**<br>**WILMINGTON, DE 19850**<br><br>**CHASE**<br>**CARDMEMBER SERVICES**<br>**PO BOX 94014**<br>**PALATINE, IL 60094-4014** | | | | | | | |
| ACCOUNT NO.   **6035517815069413** | | J | **PERSONALLY GUARANTEED BUSINESS CREDIT** | | | | **1,998.68** |
| **STAPLES CREDIT PLAN**<br>**PO BOX 689020**<br>**DES MOINES, IA 50368-9020** | | | | | | | |
| ACCOUNT NO.   **5490 3538 6057 5348** | | J | **PERSONAL CREDIT CARD/CONSUMER GOODS** | | | | **17,399.29** |
| **WORLD POINTS**<br>**BANK OF AMERICA**<br>**PO BOX 851001**<br>**DALLAS, TX 75285-1001**<br><br>**BANK OF AMERICA**<br>**PO BOX 982235**<br>**EL PASO, TX 79998-2235** | | | | | | | |

                  7   Continuation sheets attached

Sheet no. 7 of 7 continuation sheets attached to Schedule of Creditors                     Subtotal ➤ $        **32,244.32**
Holding Unsecured
Nonpriority Claims

                                                                                            Total ➤ $       **202,099.01**

                                                     **(Use only on last page of the completed Schedule F.)**
                                   **(Report also on Summary of Schedules and, if applicable on the Statistical**
                                              **Summary of Certain Liabilities and Related Data.)**

**James M. Durkee   6296297**
**Malmquist and Geiger**
**415 Liberty St.**
**Morris, IL 60450**

**Attorney for the Petitioner(s)**

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In Re:
Debtor: **MARK A. KIJEK**
Social Security Number: **6433**

Joint Debtor: **BARBARA G. POREBSKA-KIJEK**
Social Security Number: **3396**

Case No:

Chapter **7**

Numbered Listing of Creditors

| Creditor name and mailing address | Category of Claim | Amount of Claim |
|---|---|---|
| 1. **AMERICAN EXPRESS** <br> **AMERICAN EXPRESS BANK, FSB** <br> **PO BOX 30384** <br> **SALT LAKE CITY, UT 84130-0384** | **Unsecured Claims** | **$ 43,354.51** |
| 2. **BANK OF AMERICA** <br> **PO BOX 15028** <br> **WILMINGTON, DE 19850-5028** | **Unsecured Claims** | **$ 2,248.27** |
| 3. **BANKAMERICARD** <br> **BANK OF AMERICA** <br> **PO BOX 851001** <br> **DALLAS, TX 75285-1001** | **Unsecured Claims** | **$ 697.68** |
| 4. **BANKER'S HEALTHCARE GROUP, INC.** <br> **1840 MAIN ST., SUITE 102** <br> **WESTON, FL 33326** | **Secured Claims** | **$ 91,360.50** |
| 5. **BIOREFERENCE LABORATORIES** <br> **481 EDWARD H. ROSS DR.** <br> **ELMWOOD PARK, NJ 07407** | **Unsecured Claims** | **$ 12,447.60** |

In re:  **MARK A. KIJEK**
**BARBARA G. POREBSKA-KIJEK**

Case No. _____

| 6. | **BP**<br>**CHASE**<br>**PO BOX 15145**<br>**WILMINGTON, DE 19850** | **Unsecured Claims** | $ 2,020.73 |
|----|----|----|----|
| 7. | **CAPITAL ONE**<br>**PO BOX 30285**<br>**SALT LAKE CITY, UT 84130-0285** | **Unsecured Claims** | $ 7,935.74 |
| 8. | **CARRIE E. ECHOLS**<br>**ECHOLS & ASSOCIATES, PC**<br>**817 ILLINOIS AVE.**<br>**MENDOTA, IL 61342-1639** | **Unsecured Claims** | $ 2,540.00 |
| 9. | **CARSON'S**<br>**PO BOX 30285**<br>**SALT LAKE CITY, UT  84130-0285** | **Unsecured Claims** | $ 1,725.00 |
| 10. | **CHASE**<br>**CHASE HOME FINANCE LLC**<br>**P.O. BOX 9001871**<br>**LOUISVILLE, KY 40290-1871** | **Secured Claims** | $ 316,604.06 |
| 11. | **CHASE**<br>**PO BOX 15145**<br>**WILMINGTON, DE 19850** | **Unsecured Claims** | $ 4,506.88 |
| 12. | **CHASE FREEDOM**<br>**PO BOX 15145**<br>**WILMINGTON, DE 19850** | **Unsecured Claims** | $ 4,165.19 |
| 13. | **CHASE STUDENT LOANS**<br>**PO BOX 7013**<br>**INDIANAPOLIS, IN 46207** | **Unsecured Claims** | $ 32,552.00 |
| 14. | **CHASE--BUSINESS CARD**<br>**CHASE**<br>**PO BOX 15145**<br>**WILMINGTON, DE 19850** | **Unsecured Claims** | $ 3,715.58 |

In re:   **MARK A. KIJEK**
         **BARBARA G. POREBSKA-KIJEK**

Case No. _____

| 15 . | **CITI GOLD/AADVANTAGE CARD**<br>**BOX 6500**<br>**SIOUX FALLS, SD 57117** | **Unsecured Claims** | $  1,709.68 |
| 16 . | **CITI PLATINUM SELECT**<br>**BOX 6500**<br>**SIOUX FALLS, SD 57117** | **Unsecured Claims** | $  1,455.89 |
| 17 . | **COLORADO STATE BANK & TRUST MORTGAGE**<br>**P.O. BOX 21368**<br>**TULSA, OK 74121-1368** | **Secured Claims** | $ 404,796.18 |
| 18 . | **DELL PREFERRED ACCOUNT**<br>**DELL FINANCIAL SERVICES**<br>**C/O DFS CUSTOMER CARE DEPT.**<br>**PO BOX 81577**<br>**AUSTIN, TX 78708-1577** | **Unsecured Claims** | $    400.00 |
| 19 . | **DISCOVER MORE CARD**<br>**PO BOX 6103**<br>**CAROL STREAM, IL 60197-6103** | **Unsecured Claims** | $  3,851.34 |
| 20 . | **FIRST MIDWEST BANK**<br>**C/O DAVID NUTT**<br>**ONE PIERCE PLACE, SUITE 1500**<br>**ITASCA, IL 60143-4169** | **Secured Claims** | $ 80,973.75 |
| 21 . | **GARY ROCKIS**<br>**D/B/A MORRIS BUSINESS AND**<br>**TECHNOLOGY CENTER**<br>**1802 N. DIVISION ST., SUITE 213**<br>**MORRIS, IL 60450** | **Secured Claims** | $ 22,000.00 |
| 22 . | **GETIN NOBLE BANK S.A.**<br>**z siedziba w Warszawie ui.**<br>**Domaniewska 39b**<br>**02-675 WARSZAWA, POLAND** | **Secured Claims** | $ 177,205.60 |
| 23 . | **GETIN NOBLE BANK S.A.**<br>**z siedziba w Warszawie ui.**<br>**Domaniewska 39b**<br>**02-675 WARSZAWA, POLAND** | **Secured Claims** | $ 253,164.77 |

In re:    **MARK A. KIJEK**
**BARBARA G. POREBSKA-KIJEK**

Case No. _____

| | | |
|---|---|---|
| 24 . **GETIN NOBLE BANK S.A.**<br>**z siedziba w Warszawie ui.**<br>**Domaniewska 39b**<br>**02-675 WARSZAWA, POLAND** | **Secured Claims** | **$ 352,375.68** |
| 25 . **GRUNDY BANK**<br>**201 LIBERTY ST.**<br>**MORRIS, IL 60450** | **Secured Claims** | **$ 19,292.81** |
| 26 . **HARRIS BANK, N.A.**<br>**PO BOX 6201**<br>**CAROL STREAM, IL 60197-6201** | **Secured Claims** | **$ 466,952.11** |
| 27 . **HARRIS, N.A.**<br>**PO BOX 6201**<br>**CAROL STREAM, IL 60197-6201** | **Secured Claims** | **$ 112,791.64** |
| 28 . **ILLINOIS DEPARTMENT OF REVENUE**<br>**BANKRUPTCY SECTION**<br>**PO BOX 64338**<br>**CHICAGO, IL 60664-0338** | **Priority Claims** | **$ 13,500.00** |
| 29 . **INK FROM CHASE**<br>**CHASE**<br>**PO BOX 15145**<br>**WILMINGTON, DE 19850** | **Unsecured Claims** | **$ 1,539.52** |
| 30 . **INTERNAL REVENUE SERVICE**<br>**PO BOX 21126**<br>**PHILADELPHIA, PA 19114-0326** | **Priority Claims** | **$ 92,583.00** |
| 31 . **JASON KIJEK**<br>**227 WESTRIDGE RD.**<br>**JOLIET, IL 60431** | **Secured Claims** | **$ 100,000.00** |
| 32 . **JC PENNEY**<br>**CUSTOMER SERVICE**<br>**ATTN: BANKRUPTCY**<br>**PO BOX 965009**<br>**ORLANDO, FL 32896-5009** | **Unsecured Claims** | **$ 2,500.00** |

In re:   **MARK A. KIJEK**
**BARBARA G. POREBSKA-KIJEK**

Case No. _____

| | | | |
|---|---|---|---|
| 33 . | **JERZY SZYMANSKI**<br>**12721 Misty Harbor Lane**<br>**Palos Hts. IL. 60464** | **Secured Claims** | **$ 50,000.00** |
| 34 . | **LAURIE EVOLA**<br>**C/O RADTKE & NUSBAUM**<br>**39 SOUTH LASALLE ST., SUITE 408**<br>**CHICAGO, IL 60603** | **Unsecured Claims** | **$    0.00** |
| 35 . | **MACY'S**<br>**6356 CORLEY RD.**<br>**NORCROSS, GA 30071** | **Unsecured Claims** | **$ 8,813.94** |
| 36 . | **MILEAGE PLUS/UNITED**<br>**CHASE**<br>**PO BOX 15145**<br>**WILMINGTON, DE 19850** | **Unsecured Claims** | **$ 9,089.37** |
| 37 . | **SAM'S CLUB CREDIT**<br>**PO BOX 965004**<br>**ORLANDO, FL 32896-5004** | **Unsecured Claims** | **$ 4,630.39** |
| 38 . | **SAM'S CLUB DISCOVER**<br>**PO BOX 965004**<br>**ORLANDO, FL 32896-5004** | **Unsecured Claims** | **$ 6,134.02** |
| 39 . | **SEARS**<br>**SEARS CREDIT CARDS**<br>**PO BOX 6283**<br>**SIOUX FALLS, SD 57117-6283** | **Unsecured Claims** | **$ 9,264.95** |
| 40 . | **SHELL**<br>**PO BOX 6406**<br>**SIOUX FALLS, SD 57117** | **Unsecured Claims** | **$ 2,556.41** |
| 41 . | **SLATE FROM CHASE**<br>**CHASE**<br>**PO BOX 15145**<br>**WILMINGTON, DE 19850** | **Unsecured Claims** | **$ 12,846.35** |

In re:  **MARK A. KIJEK**
**BARBARA G. POREBSKA-KIJEK**

Case No. _____

| | | | |
|---|---|---|---|
| 42. | **STAPLES CREDIT PLAN**<br>**PO BOX 689020**<br>**DES MOINES, IA 50368-9020** | **Unsecured Claims** | **$   1,998.68** |
| 43. | **THE WOODS AT COPPPER CREEK**<br>**TOWNHOME ASSOC.**<br>**PO BOX 280252**<br>**LAKEWOOD, CO 80228-0252** | **Secured Claims** | **$   2,887.00** |
| 44. | **WORLD POINTS**<br>**BANK OF AMERICA**<br>**PO BOX 851001**<br>**DALLAS, TX 75285-1001** | **Unsecured Claims** | **$ 17,399.29** |

In re:  **MARK A. KIJEK**                                          Case No. _____
**BARBARA G. POREBSKA-KIJEK**

(The penalty for making a false statement or concealing property is a fine up to $500,000 or
imprisonment for up to 5 years or both.  18 U.S.C. secs. 152 and 3571.)


# DECLARATION

I, **MARK A. KIJEK**, and I, **BARBARA G. POREBSKA-KIJEK**, named as debtors in this case, declare under penalty of
perjury that we have read the foregoing Numbered Listing of Creditors, consisting of **6 sheets** (not including this declaration),
and that it is true and correct to the best of our information and belief.


Signature:  **s/ MARK A. KIJEK** _____
            **MARK A. KIJEK**

Dated:  **12/24/2012** _____

Signature:  **s/ BARBARA G. POREBSKA-KIJEK** _____
            **BARBARA G. POREBSKA-KIJEK**

Dated:  **12/24/2012** _____

**B6G (Official Form 6G) (12/07)**

In re: <u>**MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**</u> ,     Case No. _____
Debtors                                                                **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

❏  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **GARY ROCKIS<br>D/B/A MORRIS BUSINESS AND TECHNOLOGY CENTER<br>1802 N. DIVISION ST., SUITE 213<br>MORRIS, IL 60450** | **COMMERCIAL LEASE FOR DEBTORS' BUSINESSES' OFFICE SPACE** |

**B6H (Official Form 6H) (12/07)**

In re: **MARK A. KIJEK    BARBARA G. POREBSKA-KIJEK**                    Case No. _____
                        Debtors                                                                    (If known)

# SCHEDULE H - CODEBTORS

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **MARK KIJEK, MD SC**<br>**1802 N. DIVISION ST., SUITE 303**<br>**MORRIS, IL 60450** | **AMERICAN EXPRESS**<br>**AMERICAN EXPRESS BANK, FSB**<br>**PO BOX 30384**<br>**SALT LAKE CITY, UT 84130-0384** |
| **BARBARA G. KIJEK, MD SC**<br>**1802 N. DIVISION ST., SUITE 303**<br>**MORRIS, IL 60450** | **BANK OF AMERICA**<br>**PO BOX 15028**<br>**WILMINGTON, DE 19850-5028** |
| **MARK R. KIJEK**<br>**227 WESTRIDGE RD.**<br>**JOLIET, IL 60431** | **CHASE STUDENT LOANS**<br>**PO BOX 7013**<br>**INDIANAPOLIS, IN 46207** |
| **BARBARA KIJEK MD SC**<br>**1802 N. DIVISION ST., SUITE 303**<br>**MORRIS, IL 60450** | **GRUNDY BANK**<br>**201 LIBERTY ST.**<br>**MORRIS, IL 60450** |
| **BARBARA KIJEK, MD SC**<br>**1802 N. DIVISION ST., SUITE 303**<br>**MORRIS, IL 60450**<br><br>**MARK KIJEK, MD SC**<br>**1802 N. DIVISION ST., SUITE 303**<br>**MORRIS, IL 60450** | **HARRIS BANK, N.A.**<br>**PO BOX 6201**<br>**CAROL STREAM, IL 60197-6201** |

B6J (Official Form 6J) (12/07)

In re <u>MARK A. KIJEK BARBARA G. POREBSKA-KIJEK</u>          ,      Case No. _____
                                    Debtors                                              (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 6,045.51 |
| a. Are real estate taxes included?   Yes ✓   No | | |
| b. Is property insurance included?   Yes   No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 0.00 |
| b. Water and sewer | $ | 0.00 |
| c. Telephone | $ | 0.00 |
| d. Other **CABLE AND INTERNET** | $ | 201.00 |
| **RENT TO DR. ROGERS FOR USE OF OFFICE SPACE IN PLAINFIELD** | $ | 400.00 |
| **SNOW REMOVAL, SPRING LANDSCAPE CHARGES,  PAINTING** | $ | 1,000.00 |
| **UTILITIES ON COLORADO HOME** | $ | 596.83 |
| **UTILITIES ON PRIMARY HOME** | $ | 568.17 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 600.00 |
| 5. Clothing | $ | 200.00 |
| 6. Laundry and dry cleaning | $ | 100.00 |
| 7. Medical and dental expenses | $ | 110.33 |
| 8. Transportation (not including car payments) | $ | 600.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 200.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 497.33 |
| d. Auto | $ | 0.00 |
| e. Other **DISABILITY INSURANCE** | $ | 193.33 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other **CREDIT CARD PAYMENTS PRE-PETITION** | $ | 14,238.50 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 65,962.54 |
| 17. Other **AUTO SERVICES** | $ | 911.33 |
| **BANK CHARGE** | $ | 150.00 |
| **GROCERIES AND PERSONAL ITEMS** | $ | 2,255.83 |
| **HOME INSURANCE** | $ | 222.83 |
| **SON'S EDUCATION** | $ | 3,038.67 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)          $ 98,092.20

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a. Average monthly income from Line 15 of Schedule I | $ | 81,249.73 |
| b. Average monthly expenses from Line 18 above | $ | 98,092.20 |
| c. Monthly net income (a. minus b.) | $ | -16,842.47 |

**B6J (Official Form 6J) (12/07) - Cont.**

In re **MARK A. KIJEK BARBARA G. POREBSKA-KIJEK** ,          Case No. _____
                    **Debtors**                                                                        **(If known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Form 6 - Statistical Summary (12/07)

## United States Bankruptcy Court
## Northern District of Illinois

In re **MARK A. KIJEK  BARBARA G. POREBSKA-KIJEK** _____,  Case No. _____

Debtors                                             Chapter **7** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

Summarize the following types of liabilities, as reported in the Schedules, and total them.

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $  0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $  106,083.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $  0.00 |
| Student Loan Obligations (from Schedule F) | $  0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $  0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations  (from Schedule F) | $  0.00 |
| TOTAL | $  106,083.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $  81,249.73 |
| Average Expenses (from Schedule J, Line 18) | $  98,092.20 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $  0.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $  720,084.26 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $  106,083.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $  0.00 |
| 4. Total from Schedule F | | $  202,099.01 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $  922,183.27 |

## UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re:   **MARK A. KIJEK**                    **BARBARA G. POREBSKA-KIJEK**      Case No. _____

Chapter   **7**

# BUSINESS INCOME AND EXPENSES

<u>FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS</u> (NOTE:  <u>ONLY INCLUDE</u> information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

    1.  Gross Income For 12 Months Prior to Filing:                       $      **779,780.84**

PART B - ESTIMATED AVERAGE FUTURE <u>GROSS</u> MONTHLY INCOME:

    2.  Gross Monthly Income:                                                              $      **64,981.74**

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

    3.  Net Employee Payroll (Other Than Debtor)        $      **5,973.88**
    4.  Payroll Taxes                                                       **841.97**
    5.  Unemployment Taxes                                          **0.00**
    6.  Worker's Compensation                                      **0.00**
    7.  Other Taxes                                                        **0.00**
    8.  Inventory Purchases (Including raw  materials)        **0.00**
    9.  Purchase of Feed/Fertilizer/Seed/Spray                **0.00**
  10.  Rent (Other than debtor's principal residence)      **2,924.75**
  11.  Utilities                                                            **1,100.33**
  12.  Office Expenses and Supplies                             **6,284.90**
  13.  Repairs and Maintenance                                  **70.89**
  14.  Vehicle Expenses                                             **2,109.69**
  15.  Travel and Entertainment                                 **0.00**
  16.  Equipment Rental and Leases                          **0.00**
  17.  Legal/Accounting/Other Professional Fees        **411.01**
  18.  Insurance                                                          **0.00**
  19.  Employee Benefits (e.g., pension, medical, etc.)   **0.00**
  20.  Payments to Be Made Directly By Debtor to Secured Creditors For
        Pre-Petition Business Debts (Specify):
        **None**

21. Other (Specify):

| | |
|---|---:|
| **ADVERT. PROM.** | 528.99 |
| **BANK CHARGE** | 1,446.55 |
| **INTEREST EXPENSE** | 3,081.97 |
| **DUES** | 194.42 |
| **EDUCATION TRAINING** | 306.32 |
| **ULTRASOUND EXPENSE** | 4,551.47 |
| **INSURANCE** | 8,096.25 |
| **LABS SEND** | 2,688.07 |
| **MEDS** | 409.64 |
| **SURG. ASSIST** | 611.77 |
| **LICENSE** | 2.91 |
| **CLEANING** | 158.21 |
| **COMPUTER** | 816.90 |
| **MED WASTE** | 285.60 |
| **BILLING SERVICE** | 3,223.40 |
| **POSTAGE** | 498.77 |
| **CHARITABLE CONTRIBUTION** | 201.36 |
| **DEPRECIATION** | 745.66 |

22. Total Monthly Expenses (Add items 3 - 21)                               $    47,565.68

PART D - ESTIMATED AVERAGE <u>NET</u> MONTHLY INCOME:

23. AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)        $    17,416.06

**SPOUSE**

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE:  ONLY INCLUDE information directly related to the business operation.

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

   1.  Gross Income For 12 Months Prior to Filing:                     $ _____ 279,277.59

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

   2.  Gross Monthly Income:                                                                          $ _____ 23,273.13

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

   3.  Net Employee Payroll (Other Than Debtor)            $ _____ 2,560.26
   4.  Payroll Taxes                                                                  252.64
   5.  Unemployment Taxes                                                        0.00
   6.  Worker's Compensation                                                    0.00
   7.  Other Taxes                                                                    0.00
   8.  Inventory Purchases (Including raw  materials)                0.00
   9.  Purchase of Feed/Fertilizer/Seed/Spray                         0.00
  10.  Rent (Other than debtor's principal residence)           1,064.92
  11.  Utilities                                                                        471.58
  12.  Office Expenses and Supplies                                      2,571.90
  13.  Repairs and Maintenance                                               30.39
  14.  Vehicle Expenses                                                          904.13
  15.  Travel and Entertainment                                                0.00
  16.  Equipment Rental and Leases                                          0.00
  17.  Legal/Accounting/Other Professional Fees                    176.10
  18.  Insurance                                                                       0.00
  19.  Employee Benefits (e.g., pension, medical, etc.)            0.00

  20.  Payments to Be Made Directly By Debtor to Secured Creditors For
      Pre-Petition Business Debts (Specify):
      **None**                                                                      _____

21. Other (Specify):

| | |
|---|---|
| **ADVERT. PROM.** | **226.70** |
| **BANK CHARGES** | **619.91** |
| **DUES** | **83.30** |
| **EDUCATION TRAINING** | **131.32** |
| **INSURANCE** | **3,469.78** |
| **IMMUNIZATIONS** | **3,789.87** |
| **LABS SEND** | **1,152.06** |
| **MEDS** | **175.60** |
| **LICENSE** | **1.20** |
| **CLEANING** | **67.80** |
| **MED WASTE** | **122.43** |
| **MISC OFFICE EXP** | **121.66** |
| POSTAGE | 213.77 |
| DEPRECIATION | 189.54 |

22.  Total Monthly Expenses (Add items 3 - 21)                                    $        **18,396.86**

PART D - ESTIMATED AVERAGE <u>NET</u> MONTHLY INCOME:

23. AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)          $         **4,876.27**

**B6 Summary (Official Form 6 - Summary) (12/07)**

## United States Bankruptcy Court

### Northern District of Illinois

In re **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**          ,        Case No. _____

                                                Debtors

                                                       Chapter   _7_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 2 | $ 1,669,447.95 | | |
| B - Personal Property | YES | 4 | $ 201,771.31 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 8 | | $ 2,450,404.10 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 106,083.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 8 | | $ 202,099.01 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 81,249.73 |
| J - Current Expenditures of Individual Debtor(s) | YES | 4 | | | $ 98,092.20 |
| TOTAL | | 32 | $ 1,871,219.26 | $ 2,758,586.11 | |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK                    Case No. _____
_____
                          Debtors                                              (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____34_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  **12/24/2012**                        Signature: **s/ MARK A. KIJEK**
                                                        **MARK A. KIJEK**
                                                                Debtor

Date:  **12/24/2012**                        Signature: **s/ BARBARA G. POREBSKA-KIJEK**
                                                        **BARBARA G. POREBSKA-KIJEK**
                                                          (Joint Debtor, if any)

                                          [If joint case, both spouses must sign]

---

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.*

B7 (Official Form 7) (4/10)

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**

In re:  **MARK A. KIJEK   BARBARA G. POREBSKA-KIJEK**_____,          Case No. _____

Debtors                                                                                    (If known)

# STATEMENT OF FINANCIAL AFFAIRS

---

### 1.  Income from employment or operation of business

None
☐         State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the
debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning
of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years**
immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a
fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal
year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13
must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition
is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 271,850.00 | **GROSS INCOME OF S-CORP OF BARBARA KIJEK, MD SC FROM 1/1/12-12/21/12** | **1/1/12-12/31/12** |
| 169,597.00 | **RETAINED EARNINGS AS OF DECEMBER 21, 2012 FOR MARK A. KIJEK MD SC** | **1/1/12-12/31/12** |
| -18,969.00 | **MARK KIJEK AND BARBARA KIJEK INCOME STATEMENT FROM 6/1/12-11/30/12** | **1/1/12-12/31/12** |
| -31,180.00 | **JOINT DEBTOR INCOME STATEMENT FROM 6/1/12-11/30/12** | **1/1/12-12/31/12** |
| 12,211.00 | **DEBTOR INCOME STATEMENT FROM 6/1/12-11/30/12** | **1/1/12-12/31/12** |
| 3,047.00 | **RETAINED EARNINGS AS OF DECEMBER 21, 2012 FOR BARBARA KIJEK MD SC** | **1/1/12-12/31/12** |
| 759,042.00 | **GROSS INCOME OF S-CORP, MARK KIJEK MD SC, FROM 1/1/12-12/21/12** | **1/1/12-12/31/12** |

## 2.   Income other than from employment or operation of business

None   State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's
□    business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is
filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for
each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 822,799.00 | 2010 ORDINARY BUSINESS INCOME, POST-DEDUCTIONS, SHOWN ON 1120S FORMARK A. KIJEK, M.D. S.C. (TOTAL GROSS INCOME FOR S-CORP WAS $855,730.00) | 1/1/10-12/31/10 |
| 4,155.00 | 2010 DEBTOR DISTRIBUTION FROM MORRIS COMMUNITY SLEEP (PARTNERSHIP)(FROM SCHEDULE E OF 2010 TAXES) | 1/1/10-12/31/10 |
| 16,396.00 | 2010 JOINT DEBTOR PASS-THROUGH INCOME FROM 1120S OF BARBARA G. KIJEK, M.D. S.C | 1/1/10-12/31/10 |
| 380,299.00 | 2010 DEBTOR PASS-THROUGH INCOME FROM 1120S OF MARK A. KIJEK, M.D. S.C | 1/1/10-12/31/10 |
| 16,396.00 | 2010 ORDINARY BUSINESS INCOME, POST-DEDUCTIONS, SHOWN ON 1120S FOR BARBARA G. KIJEK, M.D. S.C. (TOTAL GROSS INCOME FOR S-CORP WAS $324,570.00) | 1/1/10-12/31/10 |
| 3,000.00 | 2010 OTHER NET RENTAL INCOME (FROM SCHEDULE E OF 2010 TAXES) | 1/1/10-12/31/10 |
| 13,065.00 | 2010 SECTION 179 DEDUCTION FOR DEBTOR AND JOINT DEBTOR AS PASS THROUGH FROM K-1'S FROM MARK A. KIJEK, M.D. S.C., AND BARBARA G. KIJEK, M.D. S.C. | 1/1/10-12/31/10 |
| -5,942.00 | 2011 DEBTOR AND JOINT DEBTOR LOSS FROM RENTAL REAL ESTATE AT 1561 N. DIVISION ST., MORRIS, IL 60450 | 1/1/11-12/31/11 |
| 5,000.00 | 2011 DEBTOR DISTRIBUTIONS FROM MORRIS COMMUNITY SLEEP (PARTNERSHIP) | 1/1/11-12/31/11 |
| 13,812.00 | 2011 ORDINARY BUSINESS INCOME, POST-DEDUCTIONS, SHOWN ON 1120S FOR BARBARA G. KIJEK, M.D. S.C. (TOTAL GROSS INCOME FOR S-CORP WAS $288,311.00) | 1/1/11-12/31/11 |
| 215,340.00 | 2011 DEBTOR PASS-THROUGH INCOME FROM 1120S OF MARK A. KIJEK, M.D. S.C | 1/1/11-12/31/11 |
| 3,000.00 | 2011 OTHER NET RENTAL INCOME ON DEBTOR'S K-1 | 1/1/11-12/31/11 |
| 215,340.00 | 2011 ORDINARY BUSINESS INCOME, POST-DEDUCTIONS, SHOWN ON 1120S FORMARK A. KIJEK, M.D. S.C. (TOTAL GROSS INCOME FOR S-CORP WAS $855,730.00) | 1/1/11-12/31/11 |
| -314,834.00 | 2011 LOSS FROM SALE OF 1561 N. DIVISION ST. ON OR ABOUT 8/2/11 | 1/1/11-12/31/11 |
| 13,812.00 | 2011 JOINT DEBTOR PASS-THROUGH INCOME FROM 1120S OF BARBARA G. KIJEK, M.D. S.C | 1/1/11-12/31/11 |
| 40,097.00 | 2011 SECTION 179 DEDUCTION FOR DEBTOR AND JOINT DEBTOR AS PASS THROUGH FROM K-1'S FROM MARK A. KIJEK, M.D. S.C., AND BARBARA G. KIJEK, M.D. S.C. | 1/1/11-12/31/11 |

3

## 3. Payments to creditors

*Complete a. or b., as appropriate, and c.*

None   a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or
☑   services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless
the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk
(*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative
repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing
under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None   b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90
days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is
affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that
were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a
plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13
must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date
of adjustment.*

None   c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the
☑   benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is
not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.   Suits and administrative proceedings, executions, garnishments and attachments

None   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the
☐   filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is
not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **DR. BARBARA KIJEK V. TRI-STAR MARKETING, INC.; STEWART OIL COMPANY**<br>    **2012 L 37** | **PROPERTY DAMAGE COMPLAINT** | **GRUNDY COUNTY CIRCUIT COURT**<br>**111 W. WASHINGTON ST.**<br>**MORRIS, IL 60450** | **PENDING, PARTIES NOT SERVED PER COURT FILE** |
| **LAURIE EVOLA V. DR. MARK A. KIJEK**<br>    **2010 L 57** | **MEDICAL MALPRACTICE CLAIM** | **GRUNDY COUNTY CIRCUIT COURT**<br>**111 E. WASHINGTON ST.**<br>**MORRIS, IL 60450** | **PENDING/DISPUTED** |
| **HARRIS, N.A., A NATIONAL BANKING ASSOCIATION FOR ITSELF AND AS SUCCESSOR BY MERGER TO HARRIS BANK JOLIET, N.A. V. GRUNDY COUNTY NATIONAL BANK, AS TRUSTEE U/T/A DATED APRIL 24, 1998 AND KNOWN AS TRUST NO. 1332; BANKERS HEALTHCARE GROUP, INC.; MARK A. KIJEK, AN INDIVIDUAL, BARBARA G. KIJEK, AN INDIVIDUAL; UNKNOWN OWNERS; UNKNOWN OCCUPANTS; UNKNOWN TENANTS AND NON-RECORD CLAIMANTS**<br>    **2010 CH 24** | **COMMERCIAL MORTGAGE FORECLOSURE** | **GRUNDY COUNTY CIRCUIT COURT**<br>**111 E. WASHINGTON ST.**<br>**MORRIS, IL 60450** | **POST-JUDGMENT DEFICIENCY COLLECTIONS/JUDGMENT ENTERED** |
| **BANKER'S HEALTHCARE GROUP, INC. V. MARK A. KIJEK, M.D.S.C., MARK A. KIJEK (INDIVIDUALLY), BARBARA G. KIJEK, M.D.S.C., AND BARBARA G. KIJEK (INDIVIDUALLY**<br>    **2012 L 79** | **COLLECTIONS ON COMMERCIAL LOAN** | **WILL COUNTY CIRCUIT COURT**<br>**14 W. JEFFERSON ST.**<br>**JOLIET, IL 60435** | **POST-JUDGMENT COLLECTIONS/JUDGMENT ENTERED** |

None   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year**
☑   immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include
information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are
separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5.  Repossessions, foreclosures and returns

None
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **HARRIS BANK, N.A.**<br>**PO BOX 6201**<br>**CAROL STREAM, IL 60197-6201** | **11/02/2011** | **COMMERCIAL OFFICE, VALUED AT** |

## 6.  Assignments and receiverships

None
☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

6

## 8.  Losses

None ☐

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| **1561 N. DIVISION ST. MORRIS, IL 60450** | **COMMERCIAL OFFICE SPACE.  FORECLOSED AND CONFIRMED APPROXIMATELY 11/2/2011.  NO KNOWN INSURANCE COVERAGE.  DATE OF LOSS IS WHEN IT WAS CLAIMED ON TAXES.** | 10/05/2012 |

## 9.   Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **ABACUS CREDIT COUNSELING** | **12/18/12** | **$25.00** |
| **Malmquist and Geiger 415 Liberty St. Morris, IL 60450** | **10/23/12, 12/12/12, 12/22/12** | **$4,592.37** |

## 10.  Other transfers

None ☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

## 11.  Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

## 12.  Safe deposit boxes

None
☐

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |
| **GRUNDY BANK 201 LIBERTY ST. MORRIS, IL 60450** | **MARK AND BARBARA KIJEK, 227 WESTRIDGE RD., JOLIET, IL 60431** | **MICHAEL JORDAN ROOKIE CARD (OWNED BY JASON KIJEK), BIRTH CERTIFICATES AND MISCELLANEOUS DOCS** | |

## 13.  Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

## 14.  Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

## 15.  Prior address of debtor

None
☑

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

## 16.  Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

8

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑    a.      List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ☑    b.      List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ☑    c.      List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

## 18. Nature, location and name of business

None ☐   a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **BARBARA G. KIJEK, M.D. S.C.** | 36-3852831 | **1802 N. DIVISION ST., SUITE 303 MORRIS, IL 60450** | **MEDICAL DOCTOR** | 10/01/1992 |
| **MARK A. KIJEK, M.D. S.C.** | 36-3852828 | **1802 N. DIVISION ST., SUITE 303 MORRIS, IL 60450** | **MEDICAL DOCTOR** | 10/01/1992 |
| **MORRIS COMMUNITY SLEEP** | 36-4256478 | | **MEDICAL SERVICES** | |

None ☑   b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

## 19. Books, records and financial statements

None ☐   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **CARRIE E. ECHOLS ECHOLS, MACH & ASSOCIATES, P.C. 116 E. WASHINGTON ST. #1 MORRIS, IL 60450** | **4/14/10, 9/25/09** |
| **CARRIE E. ECHOLS ECHOLS & ASSOCIATES, P.C. 817 ILLINOIS AVE. MENDOTA, IL 61342** | **10/5/12, 6/25/12, ONGOING SERVICES BOTH PERSONALLY AND FOR BOTH S-CORPS** |
| **JAMES M. DURKEE 415 LIBERTY ST. MORRIS, IL 60450** | **SERVICES RENDERED IN CONNECTION WITH GRUNDY CO. CASE NO. 10 CH 24 POST-JUDGMENT COLLECTIONS, FROM APPROX. 10/1/12 TO 12/14/12, AND THE INSTANT BANKRUPTCY FILING** |

**10**

None
☐    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|
| **CARRIE E. ECHOLS** **ECHOLS AND ASSOCIATES, P.C.** **817 ILLINOIS AVENUE** **MENDOTA, IL 61342** | | **ONGOING ACCOUNTING SERVICES** |

None
☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| **CARRIE E. ECHOLS** | **ECHOLS AND ASSOCIATES, P.C.** **817 ILLINOIS AVENUE** **MENDOTA, IL 60342** |

None
☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------------------|-------------|
| **HARRIS BANK** **C/O MARK SILVERMAN** **111 W. MONROE ST** **CHICAGO, IL 60603** | **11/01/2012** |

## 20.  Inventories

None
☑    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|-------------------|----------------------|------------------------------------------------------------------|
| | | |

None
☑    b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|-------------------|------------------------------------------------------|
| | |

## 21.  Current Partners, Officers, Directors and Shareholders

None
☐    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------------------|--------------------|------------------------|
| **MARK KIJEK** **227 WESTRIDGE RD.** **JOLIET, IL 60431** | **PARTNERSHIP INTEREST** | **5%** |

None
☑    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------------------|-------|------------------------------------------|
| | | |

## 22. Former partners, officers, directors and shareholders

None ☑    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME             ADDRESS             DATE OF WITHDRAWAL

None ☑    b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS        TITLE        DATE OF TERMINATION

## 23. Withdrawals from a partnership or distributions by a corporation

None ☑    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 24. Tax Consolidation Group.

None ☑    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION        TAXPAYER IDENTIFICATION NUMBER (EIN)

## 25. Pension Funds.

None ☑    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND        TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **12/24/2012**        Signature of Debtor    **s/ MARK A. KIJEK**
                                        **MARK A. KIJEK**

Date   **12/24/2012**        Signature of Joint Debtor (if any)    **s/ BARBARA G. POREBSKA-KIJEK**
                                        **BARBARA G. POREBSKA-KIJEK**

B 8 (Official Form 8) (12/08)

## UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In re     **MARK A. KIJEK    BARBARA G. POREBSKA-KIJEK**          Case No. _____
Debtors                                              Chapter 7

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:** <br><br> **BANKER'S HEALTHCARE GROUP, INC.** | **Describe Property Securing Debt:** <br><br> **PROCEEDS--UCC RECORDING AGAINST MARK KIJEK MD SC, AND BARBARA KIJEK MD SC)--BUSINESS DEBT** |

Property will be *(check one)*:
  ☑ Surrendered          ☐ Retained

If retaining the property, I intend to *(check at least one)*:
  ☐ Redeem the property
  ☐ Reaffirm the debt
  ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
  ☐ Claimed as exempt          ☑ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:** <br><br> **CHASE** | **Describe Property Securing Debt:** <br><br> **227 WESTRIDGE RD.** <br> **JOLIET, IL 60431 (VALUE BASED ON 12/24/12 APPRAISAL)--CONSUMER LOAN** |

Property will be *(check one)*:
  ☐ Surrendered          ☑ Retained

If retaining the property, I intend to *(check at least one)*:
  ☐ Redeem the property
  ☑ Reaffirm the debt
  ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
  ☑ Claimed as exempt          ☐ Not claimed as exempt

B 8 (Official Form 8) (12/08)                                                      Page 2

| Property No. 3 | |
|---|---|
| **Creditor's Name:**<br><br>**COLORADO STATE BANK & TRUST MORTGAGE** | **Describe Property Securing Debt:**<br><br>**54 FAIRWAY LANE**<br>**COPPER MOUNTAIN, CO 80443, UNIT 32 (VALUED**<br>**AT $531,000.00 BASED ON AVERAGE OF THE**<br>**VALUE AND THE LIQUIDATION VALUE, PER**<br>**APPRAISAL)--CONSUMER LOAN** |

Property will be *(check one)*:
☑ Surrendered          ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
☐ Claimed as exempt          ☑ Not claimed as exempt

| Property No. 4 | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

B 8 (Official Form 8) (12/08)                                                                                          Page 3

| | |
|---|---|
| **FIRST MIDWEST BANK** | **\*\*RELATED TO MARK KIJEK MD SC AND BARBARA KIJEK MD SC\*\* ALL INVENTORY, EQUIPMENT, ACCOUNTS (INCLUDING BUT NOT LIMITED TO ALL HEALTH-CARE-INSURANCE RECEIVABLES), CHATTEL PAPER, INSTRUMENTS (INCLUDING BUT NOT LIMITED TO ALL PROMISSORY NOTES), LETTER-OF-CREDIT RIGHTS, LETTERS OF CREDIT, DOCUMENTS, DEPOSIT ACCOUNTS, INVESTMNT PROPERTY, MONEY, OTHER RIGHTS TO PAYMENT AND PERFORMANCE, AND GENERAL INTANGIBLES (INCLUDING BUT NOT LIMITED TO ALL SOFTWARE AND ALL PAYMENT INTANGIBLES); ALL ATTACHMENTS, ACCESSIONS, ACCESSORIES, FITTINGS, INCREASES, TOOLS, PARTS, REPAIRS, SUPPLIES AND COMMINGLED GOODS RELATING TO THE FOREGOING PROPERTY, AND ALL ADDITIONS, REPLACEMENTS OF AND SUBSTITUTION FOR ALL OR ANY PART OF THE FOREGOING PROPERTY; ALL INSURANCE REFUNDS RELATING TO THE FOREGOING PROPERTY; ALL GOOD WILL RELATING TO THE FOREGOING PROPERTY; ALL RECORDS AND DATA AND EMBEDDED SOFTWARE RELATING TO THE FOREGOING PROPERTY, AND ALL EQUIPMENT, INVENTORY AND SOFTWARE TO UTILIZE, CREATE, MAINTAIN AND PROCESS ANY SUCH RECORDS AND DATA ON ELECTRONIC MEDIA; AND ALL SUPPORTING OBLIGATIONS RELATING TO THE FOREGOING PROPERTY; ALL WHETHER NOW EXISTING OR HEREAFTER ARISING, WHETHER NOW OWNED OR HEREAFTER ACQUIRED OR WHETHER NOW OR HEREAFTER SUBJECT TO ANY RIGHTS IN TEH FOREGOING PROPERTY; AND ALL PRODUCTS AND PROCEEDS (INCLUDING BUT NOT LIMITED TO ALL INSURANCE PAYMENTS) OR OR RELATING TO THE FOREGOING PROPERTY.--BUSINESS LOAN** |

Property will be *(check one)*:
☑ Surrendered            ☐ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____  (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
☐ Claimed as exempt            ☑ Not claimed as exempt

| | |
|---|---|
| Property No.  5 | |
| **Creditor's Name:**<br>**GARY ROCKIS** | **Describe Property Securing Debt:**<br>**1986 MERCEDES 300, 60K MILES (NADA VALUE, GOOD CONDITION)** |

B 8 (Official Form 8) (12/08)

Page 4

---

Property will be *(check one)*:
- ☐ Surrendered
- ☑ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☑ Reaffirm the debt
- ☐ Other. Explain _____  (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
- ☐ Claimed as exempt
- ☑ Not claimed as exempt

---

| Property No. 6 | |
|---|---|
| **Creditor's Name:**<br><br>**GETIN NOBLE BANK S.A.** | **Describe Property Securing Debt:**<br><br>**APP.KRAKOW AI.POKOJU 29b (PROPERTY IN KRAKOW, POLAND)(DEBTORS BELIEVED IT TO BE WORTH $770K PLN IN 2009, BUT NOW BELIEVE IT IS WORTH HIGH-END $530K PLN. VALUES BASED ON PLN-USD CONVERSION RATE AS OF 12/22/12)<br>LOT IN VILLAGE OF BEDKOWICE, POLAND, LOT NUMBERS 73, 74, 75, 76 (LOAN IS 1,085,000.00 POLISH ZLOTNYS.  FIGURE BASED ON CONVERSION RATE AS OF DECEMBER 22, 2012. MARKET VALUE AS OF 2009 WAS 400K PLN, BUT DEBTOR NOW BELIEVES THE HIGH-END VALUE TO BE 150K PLN.)--PRIMARILY BUSINESS DEBT (DEBTOR ESTIMATE 70% OF INTENT WAS BUSINESS DEVELOPMENT, WHILE THEY DID HAVE POSSIBLE INTENT TO RESIDE IN THE KRAKOW PROPERTY).** |

Property will be *(check one)*:
- ☐ Surrendered
- ☑ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☑ Reaffirm the debt
- ☐ Other. Explain _____  (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
- ☐ Claimed as exempt
- ☑ Not claimed as exempt

---

| Property No. 7 | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

B 8 (Official Form 8) (12/08)

| | |
|---|---|
| **GETIN NOBLE BANK S.A.** | **PROPERTY NUMBER KW:JG1J/00027087/6 MILKOW, gmPodgorzyn, Poland. (APPRAISAL WAS DONE IN 2010 VALUING AT 2.045M PLN, I.E. APPROX $651K. DEBTORS NOW BELIEVE IT TO BE WORTH, HIGH-END, 1M PLN, I.E. APPROX Values and Claims converted from PLN to USD as of December 22, 2012)--BUSINESS DEBT** |

Property will be *(check one)*:
    ☐ Surrendered        ☑ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☑ Reaffirm the debt
    ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
    ☐ Claimed as exempt        ☑ Not claimed as exempt

---

| Property No. 8 | |
|---|---|
| **Creditor's Name:**<br>**GETIN NOBLE BANK S.A.** | **Describe Property Securing Debt:**<br>**PROPERTY NUMBER KW:JG1J/00027087/6 MILKOW, gmPodgorzyn, Poland. (APPRAISAL WAS DONE IN 2010 VALUING AT 2.045M PLN, I.E. APPROX $651K. DEBTORS NOW BELIEVE IT TO BE WORTH, HIGH-END, 1M PLN, I.E. APPROX Values and Claims converted from PLN to USD as of December 22, 2012)---BUSINESS DEBT** |

Property will be *(check one)*:
    ☐ Surrendered        ☑ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☑ Reaffirm the debt
    ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
    ☐ Claimed as exempt        ☑ Not claimed as exempt

---

| Property No. 9 | |
|---|---|
| **Creditor's Name:**<br>**GRUNDY BANK** | **Describe Property Securing Debt:**<br>**SECURITY IS 2010 CADILLAC ESCILADE, TITLED IN JOINT DEBTOR'S S-CORP, BARBARA KIJEK MD SC (VALUED AT APPROXIMATELY $24,000.00 PER KELLY BLUE BOOK, TRADE-IN VALUE, GOOD CONDITION).--BUSINESS LOAN** |

B 8 (Official Form 8) (12/08)                                                                                    Page 6

Property will be *(check one)*:
☐ Surrendered          ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other.  Explain _____  (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
☐ Claimed as exempt          ☑ Not claimed as exempt

---

| Property No. 10 | |
|---|---|
| **Creditor's Name:**<br><br>**HARRIS BANK, N.A.** | **Describe Property Securing Debt:**<br><br>**MORTGAGE FORECLOSURE DEFICIENCY JUDGMENT ON PRIOR BUSINESS ADDRESS (NON-CONSUMER) BUSINESS DEBT)--JUDGMENT CITATION LIEN ON ALL DEBTORS' PROPERTY ISSUED BY GRUNDY COUNTY CIRCUIT COURT, ON SEPTEMBER 25, 2012--BUSINESS DEBT** |

Property will be *(check one)*:
☐ Surrendered          ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☐ Reaffirm the debt
☑ Other.  Explain **DEBTORS WILL SEEK TO AVOID AS PREFERENC** (for example, avoid lien using 11 U.S.C. § 522(f)

Property is *(check one)*:
☐ Claimed as exempt          ☑ Not claimed as exempt

---

| Property No. 11 | |
|---|---|
| **Creditor's Name:**<br><br>**HARRIS, N.A.** | **Describe Property Securing Debt:**<br><br>**227 WESTRIDGE RD.<br>JOLIET, IL 60431 (APPRAISAL PUTS VALUE AT $500K, AND LIQUIDATION VALUE AT $400K. THUS, DEBTOR HAS USED THE AVERAGE OF $450K TO APPROXIMATE VALUE).** |

Property will be *(check one)*:
☐ Surrendered          ☑ Retained

If retaining the property, I intend to *(check at least one)*:
☐ Redeem the property
☑ Reaffirm the debt
☐ Other.  Explain _____  (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
- ☑ Claimed as exempt          ☐ Not claimed as exempt

---

| Property No. 12 | |
|---|---|
| **Creditor's Name:**<br><br>**JASON KIJEK** | **Describe Property Securing Debt:**<br><br>**CASA de MARCO**<br>**AVENIDA VERACRUZ, #165**<br>**JALISCO, 48987**<br>**MEXICO--BUSINESS DEBT** |

Property will be *(check one)*:
- ☐ Surrendered          ☑ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☑ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
- ☐ Claimed as exempt          ☑ Not claimed as exempt

---

| Property No. 13 | |
|---|---|
| **Creditor's Name:**<br><br>**JERZY SZYMANSKI** | **Describe Property Securing Debt:**<br><br>**CASA de MARCO**<br>**AVENIDA VERACRUZ, #165**<br>**JALISCO, 48987**<br>**MEXICO--BUSINESS DEBT** |

Property will be *(check one)*:
- ☐ Surrendered          ☑ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☑ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
- ☐ Claimed as exempt          ☑ Not claimed as exempt

---

| Property No. 14 | |
|---|---|
| **Creditor's Name:** | **Describe Property Securing Debt:** |

B 8 (Official Form 8) (12/08)

Page 8

| THE WOODS AT COPPPER CREEK | 54 FAIRWAY LANE COPPER MOUNTAIN, CO 80443, UNIT 32 (APPRAISAL PUTS VALUE AT $590K, AND LIQUIDATION VALUE AT $472K. DEBTOR HAS TAKEN THE AVERAGE TO APPROXIMATE VALUE). |
|---|---|

Property will be *(check one)*:

☑ Surrendered ☐ Retained

If retaining the property, I intend to *(check at least one)*:

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:

☐ Claimed as exempt ☑ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br><br>**GARY ROCKIS** | **Describe Leased Property:**<br><br>**COMMERCIAL LEASE FOR DEBTORS' BUSINESSES' OFFICE SPACE** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☑ YES   ☐ NO |

_____0_____ continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: **12/24/2012**_____

s/ **MARK A. KIJEK**_____
**MARK A. KIJEK**
Signature of Debtor

s/ **BARBARA G. POREBSKA-KIJEK**_____
**BARBARA G. POREBSKA-KIJEK**
Signature of Joint Debtor (if any)

**Form B1, Exhibit C**
**(9/01)**

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

Exhibit "C"

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

In re:    **MARK A. KIJEK**

**BARBARA G. POREBSKA-KIJEK**

Case No.:

Chapter:    **7**

Debtor(s)

Exhibit "C" to Voluntary Petition

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**N/A**

_____

_____

_____

_____

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**N/A**

_____

_____

_____

_____

**B 201A** (Form 201A) (11/11)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7:  Liquidation  ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total fee $306)**

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)**

Form B 201A, Notice to Consumer Debtor(s)                                                                    Page 2

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11:  Reorganization  ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.   Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure .

**B 201B** (Form 201B) (12/09)

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS

In re  **MARK A. KIJEK**                                                   Case No. _____
        **BARBARA G. POREBSKA-KIJEK**
_____             Chapter _____7_____
                    **Debtor**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certificate of the Debtor

We, the debtors, affirm that we have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | |
|---|---|
| **MARK A. KIJEK** | X**s/ MARK A. KIJEK**                      **12/24/2012** |
| **BARBARA G. POREBSKA-KIJEK** | **MARK A. KIJEK** |
| | Signature of Debtor                              Date |
| Printed Name(s) of Debtor(s) | X **s/ BARBARA G. POREBSKA-KIJEK**       **12/24/2012** |
| | **BARBARA G. POREBSKA-KIJEK** |
| Case No. (if known) _____ | Signature of Joint Debtor                        Date |

_____

**Instructions**: Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) only if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.